937 F.2d 602
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Louise W. CAWTHORNE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1154.
 United States Court of Appeals, Fourth Circuit.
 Argued April 8, 1991.
Decided July 3, 1991.
As Amended Aug. 13, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-89-691-R)
 Charles H. Cuthbert, Jr., Cuthbert Law Offices, Petersburg, Va., for appellant.
 Robert S. Drum, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa. (argued), for appellee; Eileen Bradley, Chief Counsel, Region III, William Reeser, Supervisory Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., Henry E. Hudson, United States Attorney, Debra J. Prillaman, Assistant United States Attorney, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Louise W. Cawthorne appeals the judgment of the district court affirming the administrative denial of her claims for disability insurance benefits and Supplemental Security Income. We affirm.
 
 
 2
 Cawthorne is a 52-year old woman who worked most recently as a retail clerk. She filed separate applications for disability insurance benefits and for Supplemental Security Income in March 1988, alleging that arthritis in both legs and in her left arm prevented her from performing any substantial gainful activity. A physician with the Virginia state disability agency reviewed medical evidence submitted by Cawthorne's treating physicians and concluded that Cawthorne retained the ability to perform substantial gainful work. The Secretary of Health and Human Services therefore denied Cawthorne's claim and denied her claim again upon reconsideration.
 
 
 3
 On appeal the administrative law judge found that Cawthorne's testimony conflicted with the medical evidence presented. He concluded that Cawthorne was not entitled to either disability insurance, under 42 U.S.C. Secs. 416(i), 423, or Supplemental Security Income, under 42 U.S.C. Secs. 1381a, 1382c, because she retained the ability to perform her past relevant work. The Appeals Council denied Cawthorne's petition for discretionary review, and the administrative law judge's decision became the final decision of the Secretary. 42 U.S.C. Sec. 405(g) (1988).
 
 
 4
 Cawthorne then filed suit in district court to challenge the Secretary's decision, in accordance with 42 U.S.C. Secs. 405(g), 1383(c)(3). The district court referred the case to a magistrate judge, pursuant to 28 U.S.C. Sec. 636(b)(1)(B), and the magistrate judge concluded that substantial evidence supported the Secretary's decision to deny benefits. After filing objections to the magistrate judge's proposed opinion, Cawthorne moved to remand the case for consideration of new and material evidence. The district court denied Cawthorne's motion to remand, overruled her objections, and granted the Secretary's motion for summary judgment. This appeal followed.
 
 
 5
 Cawthorne first argues that the administrative law judge applied an incorrect legal standard by requiring that medical evidence fully corroborate her testimony. We cannot accept this argument.
 
 
 6
 The administrative law judge considered and discussed Cawthorne's testimony, found that it conflicted with all the medical evidence in the record, and resolved the conflict in favor of the medical evidence. Clinical notes and medical reports indicated that Cawthorne has osteoarthritis in both knees but that she retains a full range of motion in both knees and in all major joints. The administrative law judge found "[t]he claimant's subjective complaints, including frequent knee pain, were neither fully credible nor fully corroborated by the objective medical evidence." This dual finding is neither factually nor legally erroneous.
 
 
 7
 Cawthorne next argues that the administrative law judge failed to make a credibility finding with respect to the testimony of Cawthorne's husband. While the administrative law judge did not state his credibility finding with respect to the testimony of Cawthorne's husband, he did state that he had given full consideration to all of the available evidence. Since Cawthorne's husband essentially reiterated Cawthorne's testimony, testimony which the administrative law judge did not find fully credible, the district court properly found that the administrative law judge's failure to state a finding about the husband's testimony was harmless error.
 
 
 8
 Finally, Cawthorne argues that the district court abused its discretion by denying her motion to remand for consideration of new and material evidence, pursuant to 42 U.S.C. Sec. 405(g). Cawthorne filed a motion to remand the case for consideration of new and material evidence, a letter and a functional assessment by Cawthorne's treating physician. After considering Cawthorne's arguments and the evidence itself, the district court found that even if the evidence was new and material, Cawthorne failed to show good cause for her delay in presenting the evidence. The district court concluded that since the administrative law judge had the treating physician's report and office notes when he made his decision, the additional evidence would not have altered the final decision. The district court did not abuse its discretion in denying Cawthorne's motion to remand.
 
 
 9
 AFFIRMED.